NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ADAM SAGERS, | ) | |
| | ) | Supreme Court No. S-15360 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-12-01979 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ALASKA FAST CASH, LLC, | ) | AND JUDGMENT* |
| JACKLYN JOHNSON, and | ) | |
| COLLEEN SACKINGER, | ) | No. 1617 – March 1, 2017 |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Bethany Harbison, Judge.

Appearances: Adam Sagers, pro se, Fairbanks, Appellant. Margaret O'Toole Rogers, Foster & Rogers, LLC, Fairbanks, for Appellee Sackinger. Notice of nonparticipation filed by David Clark, Law Office of David Clark, Anchorage, for Appellee Alaska Fast Cash, LLC. Notice of nonparticipation filed by Laura J. Eakes, Walker & Eakes, LLC, Anchorage, for Appellee Jacklyn Johnson.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

---

\*      Entered under Alaska Appellate Rule 214.

1.     Adam Sagers filed a personal injury action against Alaska Fast Cash and one of its employees on behalf of C.S., his minor son.[1] Colleen Sackinger, C.S.'s mother who had sole physical and legal custody of C.S., intervened and settled the action for $19,000.[2] Following the settlement to C.S. the superior court approved — without explanation — a $10,000 attorney's fee payment.[3] Sagers appealed and argued that the fee was unreasonable.[4] In a previous memorandum opinion we remanded the case to the superior court to explain its rationale regarding approval of the fee; we retained jurisdiction over the case.[5]

2.     The superior court reconsidered its approval of the attorney's fee payment, concluding that the fee of $10,000 was not reasonable under the circumstances. The court observed that Sackinger had signed a contingency fee agreement in which she agreed to pay 30% of any recovery to Margaret O'Toole Rogers, her attorney. The court determined it was unreasonable for Sackinger to pay Rogers $10,000 from the minor's settlement when 30% of the $19,000 settlement was only $5,700. The court then indicated that it would approve a 30% fee as outlined in the terms of the contingency fee agreement. The superior court issued a second order approving Sackinger's amended petition that requested the court approve an attorney's fee payment of 30% of the settlement, or $5,700; the court ordered Rogers to deposit the remaining settlement

---

[1]     *Sagers v. Fast Cash, LLC*, No. S-15360, 2015 WL 5086380, at *1 (Alaska Aug. 26, 2015).  We use initials to protect the minor's privacy.

[2]     *Id*.

[3]     *Id.*

[4]     *Id*.  Alaska Rule of Civil Procedure 90.2(a) requires a court to review settlements in favor of a minor to ensure that they are "fair and reasonable."

[5]     *Sagers*, 2015 WL 5086380, at *2.

funds, $13,300, into an interest-bearing account for C.S.'s benefit. The court also ruled that no withdrawals could be made without court approval.

3. Sagers petitioned this court for further review, requesting additional briefing and a second remand to the superior court. Sagers contended: (1) Rogers violated both the Alaska Rules of Professional Conduct[6] and the American Bar Association's Model Rule 8.4[7] by defrauding C.S.;[8] (2) the superior court abused its discretion by approving the 30% attorney's fee payment; and (3) the superior court abused its discretion by not ruling on Sagers's most recent pleadings.[9] Sagers also contended that "the [s]uperior [c]ourt award[ed] and reward[ed] Margaret Rogers and Colleen Sackinger for defrauding [C.S.] out of his monetary award."

4. After approving the minor settlement, the superior court held a hearing regarding Sagers's request on C.S.'s behalf for a long-term protective order. At the hearing Sackinger conceded that she withdrew $2,553 from C.S.'s account in 2014, but she explained that the money she withdrew was unrelated to the Fast Cash settlement

---

[6] *See* Alaska R. Prof. Conduct 1.2(d) ("[A] lawyer shall not counsel or assist a client to engage in conduct that the lawyer knows is criminal or fraudulent . . . .").

[7] *See* MODEL RULE OF PROF'L CONDUCT 8.4 (AM. BAR. ASS'N 1983) ("It is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct . . . ; engage in conduct involving dishonesty, fraud, deceit[,] or misrepresentation; [or] engage in conduct that is prejudicial to the administration of justice . . . .").

[8] Sagers argued that Rogers and Sackinger colluded to pay Rogers more than she was owed, that Rogers violated her duty to provide C.S. with a full accounting, and that Rogers failed to promptly pay C.S. the funds to which he was entitled.

[9] Sagers argued that the superior court ignored a request for disciplinary actions against Rogers, a request to freeze C.S.'s accounts, and a challenge to the superior court's intent to place the settlement funds into an account that is accessible by Sackinger with the superior court's permission.

because that money had not yet been disbursed. Sackinger also stated that she would not have access to the Fast Cash settlement funds because the parties had agreed to deposit the funds into a protected account.

5. The superior court found that Sackinger defrauded C.S. by withdrawing the funds in 2014 and using the money contrary to the court's order. The court granted a one-year protective order; it also ruled that the Fast Cash settlement funds should remain in a certificate of deposit account and that Sackinger was not entitled to remove any money from the account. The court required Sackinger to repay the money she withdrew by November 1, 2016.

6. Because we retained jurisdiction, we invited supplemental briefs addressing the superior court's approval of the $5,700 attorney's fee payment.[10] "Alaska Rule of Civil Procedure 90.2 requires a court to review a minor settlement to ensure that it is 'fair and reasonable.' "[11] Courts must also "approve any attorney's fees and costs that are to be paid from the settlement proceeds when the minor claimant is represented by counsel."[12] We noted in our previous memorandum opinion in this case that "the rule gives no guidance regarding the level of scrutiny required for the attorney's fees."[13] But we concluded that the parties must "present some evidence to the court" and that "[t]he

---

[10] *Sagers v. Fast Cash, LLC, et al.*, No. S-15360 (Alaska Supreme Court Order, Dec. 10, 2015). Our decision in this appeal after remand also disposes of Sager's arguments in his petition for review.

[11] *Sagers v. Fast Cash, LLC*, No. S-15360, 2015 WL 5086380, at *1 (Alaska Aug. 26, 2015) (quoting Alaska R. Civ. P. 90.2(a)(2)).

[12] Alaska R. Civ. P. 90.2(a)(3).

[13] *Sagers*, 2015 WL 5086380, at *2.

court must make findings regarding whether the fees were fair and reasonable under the circumstances."[14]

7. We now conclude that the superior court did not err in approving the $5,700 fee. First, a 30% attorney's fee is generally reasonable. We have previously referred to the "typical one-third contingent fee arrangement," suggesting that a fee agreement of 30% is typical and reasonable,[15] and cases from other jurisdictions are in accord.[16] And given the relatively small amount of money paid in settlement in this case, it is unlikely that Sackinger would have been able to find another attorney who would litigate the case on a contingent fee basis for less than 30% of the recovery. Moreover, Sagers does not argue that a $5,700 attorney's fee is unreasonable.

8. We disagree with Sagers that the superior court rewarded Rogers for defrauding C.S. Sagers contended that Sackinger and Rogers necessarily defrauded C.S. by seeking approval of an unreasonable attorney's fee payment, but he does not support his argument that unreasonableness equates to fraud. The superior court did not find evidence of collusion between Sackinger and Rogers to defraud C.S. of the Fast Cash settlement funds. Although the court did find that Sackinger had withdrawn other funds

---

[14] *Id.*

[15] *See In re Estate of Brandon*, 902 P.2d 1299, 1319 n.22 (Alaska 1995); *see also City & Borough of Sitka v. Swanner*, 649 P.2d 940, 947 (Alaska 1982) (affirming an attorney's fees award of one-third of the total recovery in a civil rights action).

[16] *See Estate of Marshall v. City of New York*, No. CV-08-2893 (ERK)(VVP), 2012 WL 2320764, at *1 (E.D.N.Y. June 19, 2012) (noting "standard contingency fee arrangement" gives "counsel one-third of the net settlement proceeds, after deductions [a]re made for the reimbursement of costs and expenses"); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 150 (E.D. Pa. 2000) ("[T]he award of one-third of the [settlement] fund for attorneys' fees is consistent with fee awards in a number of recent decisions within this district.").

belonging to C.S., those funds were unrelated to the Fast Cash settlement, and the court required Sackinger to repay those funds and prohibited her from making further withdrawals of funds from C.S.'s accounts.[17] We conclude that the superior court did not abuse its discretion when it declined to find that Rogers defrauded C.S., and we find no error in the court's decision to approve the 30% fee.[18]

9. Sagers also argued that the superior court erred in failing to rule on his November 17, 2015 request that Rogers be disciplined, that the court freeze C.S.'s accounts, and that the court reconsider its intent to place C.S.'s settlement funds into an account accessible by Sackinger with the court's permission. But as we discuss above, the superior court found no need for sanctions against Rogers. And the superior court did address Sagers's request to freeze C.S.'s accounts and limit Sackinger's access when it granted a one-year protective order. We find no error with the court's decision.

10. We AFFIRM the superior court's decision to approve the $5,700 attorney's fee payment to Rogers.

---

[17] There is also little to suggest that Rogers failed to provide C.S. with an accounting of the funds she is holding for him because there is no evidence that C.S. requested an accounting. *See* Alaska R. Prof. Conduct 1.15(d) ("[U]pon request by the client or third person, [a lawyer] shall promptly render a full accounting regarding the funds or property [in which a client has an interest].").

[18] "We . . . review for abuse of discretion '[a] superior court's determination as to whether fraud upon the court has occurred.' " *Fernandez v. Fernandez*, 358 P.3d 562, 565 (Alaska 2015) (second alteration in original) (quoting *Alaska Fur Gallery, Inc. v. First Nat'l Bank Alaska*, 345 P.3d 76, 83 (Alaska 2015)).